IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Gary Hunsucker, | ) | C/A No.: 0:04-22675-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Gary Hunsucker, brought this action pursuant to § 405(g) of the Social Security Act, as amended, 42 U.S.C. §405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income benefits ("SSI").

**Scope of Review**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported

1

by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

## Administrative Proceedings

The plaintiff filed his current application for SSI on May 9, 2001, alleging a disability onset date of March 1, 1992, due to degenerative disc disease, chronic lower back and left leg pain, depression, coronary artery disease, and status post myocardial infarction. His application was denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge (ALJ) which was held February 12, 2004. The ALJ issued a decision on May 26, 2004, finding that the plaintiff does not have a disability under the Act. The Appeals Council declined review of the ALJ decision; thus, the ALJ decision became the Commissioner's "final decision" for purposes of judicial review. *See* 42 U.S.C. §405(g); 20 C.F.R. §404.981 (2003).

The ALJ made the following findings in this case:

1. The claimant has not engaged in substantial gainful activity since May 2002, the amended onset date.

2. The claimant's chronic lower back and left leg pain and depression are impairments considered "severe," based on the criteria in the Regulations at 20 CFR §416.920(b).

3. The claimant's severe impairments do not meet or medically equal the criteria of any listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant's testimony regarding his limitations did not support a finding of disability.

5. All the medical opinions regarding the severity of the claimant's impairments have been carefully considered (20 CFR §416.927).

6. The claimant has the residual functional capacity to lift and/or carry up to five pounds on a frequent basis and up to ten pounds on an occasional basis; to stand and/or walk for a total of up to two hours per eight-hour workday; and to sit (with normal breaks) for a total of up to six hours per eight-hour work day; in addition, he is to have the option to alternate at will between sitting and standing, he is to avoid all exposure to unprotected hazards and he is restricted to simple unskilled work.

7. The claimant cannot perform his past relevant work (20 CFR §416.965).

8. The claimant is a "younger individual" (20 CFR §416.963).

9. The claimant has a "limited" education.(20 CFR §416.964).

10. The issue of transferable skills is moot (20 CFR §416.968).

11. Although the claimant's limitations do not allow him to perform the full range of sedentary work, using Medical-Vocational Rule 201.25 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform.

12. The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §416.920(f).

13. The prior decision of March 22, 2000 is a final decision, entitled to *res judicata* effect.

## Facts

The plaintiff was born on January 10, 1962; he was 42 years old at the time of the hearing. The ALJ found that he has a "limited" eighth grade education with prior work experience as an ironworker, doffer and assembler.

**Appeal from the Commissioner's Decision**

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to United States Magistrate Judge Bristow Marchant. On October 25, 2005, Magistrate Judge Marchant filed a Report and Recommendation ("the Report") recommending that the decision of the Commissioner be affirmed. The plaintiff filed objections to the Report on November 11, 2005.

The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that plaintiff be denied benefits.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Objections**

The plaintiff makes the following objections to the Report:

1. The Magistrate erroneously determined that ALJ Mason's two year miscalculation of the amended onset date was harmless error.

2. The Magistrate, as did the ALJ, erroneously ascribed Social Security's definition to the word "sedentary" used in a letter written by Russell's surgeon.

3. The Magistrate failed to address Plaintiff's argument that ALJ Mason's decision does not comport with controlling law regarding treating physicians and medication side effects.

4. The Magistrate failed to address Plaintiff's argument that the ALJ's ultimate conclusions

are not legally correct under controlling law in that she failed to address a number of very significant matters presented at the hearing.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents her from doing substantial gainful employment. 20 C.F.R. §404.1503(a). If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled under the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant. Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983).

Once the claimant establishes an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy.  The Commissioner may carry the burden by demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. English v. Shalala, 10 F.3d 1080 (4th Cir. 1993).

The SSA defines "onset date of disability" as "the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20.  In determining the onset date of disability, relevant factors include the individual's allegation, work history, and medical evidence. Id.  That ruling specifically states that "the individual's allegation or the date of work stoppage is significant in determining onset only if it is consistent with the severity of the condition(s) shown by the medical evidence." Id.  "The onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA (or gainful activity) for a continuous period of at least 12 months . . ." Id.

### Effect of Alleged Miscalculation of Onset Date

The ALJ utilized May of 2002 as the "amended alleged onset date." The plaintiff claimed in his initial filing for benefits that his current disability began on March 1, 1992, but he stipulated at the hearing that the prior, unappealed finding by the Commissioner that he was not disabled as of at least March 22, 2000 has res judicata effect.[1]  (R., p. 31)

---

[1] The claimant filed three previous unsuccessful applications for Social Security benefits.  The first was in October of 1994, alleging onset of disability as of September 14, 1993.  The second was filed in May of 1997, alleging onset of disability as of June 15, 1993.  The third filing was dated September 30, 1998, with an alleged onset date of June 15, 1993. (R., pp. 29-30)

The Magistrate Judge recommended a finding that the use of the incorrect onset date, which was conceded by the Commissioner for purposes of this decision, was harmless error, citing Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994) and Bailey v. Secretary of HEW, 472 F.Supp. 339, 401 (E.D. Pa. 1979).

The plaintiff argues that, although the ALJ indicates that she reviewed the medical records as far back as 1993, "there is no way for the Magistrate or anyone else to know if ALJ Mason considered whether or not there was any period of disability from May 22, 2000 . . . through May 2002 . . ." He asserts that the use of the incorrect onset date that was two years later than the actual date mandates reversal or a remand for further findings.

The Court disagrees with the Magistrate Judge that the use of the incorrect onset date was harmless error under the circumstances of the case. The ALJ did discuss in detail medical records dating back to March of 2000. In addition, she specifically referred to the letter of Dr. Edwards dated March 20, 2000[2] and found: "The undersigned finds that the claimant's surgeon was the doctor best qualified to assess the condition of the claimant's back. Therefore, the opinion of Dr. Edwards has been given controlling weight." However, as noted by the plaintiff "there is considerable difference between reviewing records and whether someone has established a period of disability." The ALJ's uncontroverted use of an incorrect alleged onset date that was two years after the actual date requires a remand in the opinion of this court.

### Use of Term, "Sedentary" by Surgeon

The plaintiff next contends that the Magistrate Judge and ALJ "erroneously ascribed Social

---

[2] Although the letter from Dr. Edwards was dated prior to the earlier ALJ decision of March 22, 2000, the record reveals that this letter was not part of the medical records considered in that decision. (R., p. 121.)

Security's definition to the word 'sedentary' used in a letter written by (plaintiff's) surgeon." The plaintiff also asserts that an ALJ cannot rely on selected parts of a doctor's opinion while ignoring other parts of the opinion. He contends that the ALJ failed to consider the final portion of the doctor's sentence which reads, 'if educationally, he was qualified for such employment."

Dr. Edwards stated:

> In my opinion, he is permanently restricted from work activities that involve bending, lifting, twisting, turning, stooping, crawling and climbing. He would be qualified for sedentary type activities that would allow him to change positions as his symptoms demanded, if educationally he was qualified for such employment. (R., p. 188).

The ALJ, in discussing the letter of Dr. Edwards, states:

> The medical evidence of record indicated that Bill Edwards, Jr., M.D. wrote a note in March 2000, in which he detailed the claimant's history of lower back pain, which stemmed from a work injury in September 1993. Dr. Edwards performed surgery in August 1994. In his March 2000 letter, Dr. Edwards stated that the claimant had permanent restrictions of his ability to bend, stoop, twist, crawl and climb. He stated, however, that the claimant was qualified for sedentary work that would allow him to change positions (Exhibit 1F). X-rays of the claimant's lumbar spine in July 2000 showed minimum degenerative changes at the L5-S1 disc space. He was diagnosed with mild degenerative disc disease (Exhibit 8F).

The ALJ concluded in Finding 11 of her Report that "although the claimant's limitations do not allow him to perform the full range of sedentary work, using Medical-Vocational Rule 201.25 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform." (R., p. 21) The ALJ made the above finding utilizing the meaning of sedentary under the Social Security regulations after taking testimony from a vocational expert. (See R., p. 20, wherein the ALJ references "sedentary" work as defined in 20 CFR §416.967.) In addition, the Court finds that the ALJ considered the plaintiff's educational level in making her findings. Specifically, she noted that the claimant "completed the eighth grade" (R., p. 18) She also asked the VE "whether jobs exist in the

national economy for an individual of the claimant's age, education, past work experience, and residual functional capacity." Id.; See also, R., p. 93. Therefore, the objections on this point are overruled.

### Treating Physician Factors and Hypothetical Question to VE

The plaintiff asserts that the Magistrate Judge fails to address his argument that ALJ Mason did not use the factors required by the Social Security regulations in evaluating the opinions of Drs. Kozacki and Francis, two of the treating physicians, citing 20 C.F.R. §404.1527(d) and SSR 96-5P. Plaintiff also asserts that the ALJ did not include any of the medication side effects in her hypothetical questions to the VE.

The Court has not been able to locate in the ALJ's report a discussion of the above factors in reference to Drs. Kozacki and Francis. The ALJ did find that the assessment of Dr. Francis should be given "considerable weight, but not controlling weight." (R., p. 18)  Where the appropriate findings have not been made, "the decision should not be affirmed unless it can be shown that any error was harmless."  See Sharp v. Barnhart, 152 Fed. Appx. 503 (6th Cir. 2005).

The regulations provide: "Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion." 20 C.F.R. §404.1527(d). The factors include the examining relationship; the treatment relationship, including the length of the treatment relationship and frequency of examination and the nature and extent of the treatment relationship; supportability; consistency; specialization; and other factors.

The Commissioner argues that Drs. Francis and Kozacki's Physical Capacities Form and letter, respectively, are inconsistent with their treatment notes and with other medical evidence. "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial

evidence, it is not entitled to significant weight." See Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). However, the ALJ, not the reviewing Court, is responsible for resolving any conflicts in the evidence and making findings of fact. Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990). Therefore, this case is remanded for findings by the ALJ which include a discussion of the factors discussed above.

The plaintiff additionally asserts that the hypothetical question posed to the VE did not adequately cover the medications the plaintiff was taking. However, the record indicates that the VE was present during the hearing and had reviewed the documentary evidence. (R., p. 91) Moreover, the question posed did in fact refer to the side effects of medication. "That due to side effects of medication, he should not be exposed to any excessive dangers or hazardous conditions." (R., p. 93) Therefore, the side effects of medication were adequately covered by the hypothetical.

### Failure by ALJ to Address other Important Matters

The plaintiff alleges that the ALJ found there was no substantiation in the medical records of the claimant's need to elevate his feet during the day. It is true that the form completed by Dr. Francis indicated that the claimant's disability, in her opinion, required him to elevate his legs. Therefore, the statement by the ALJ that there was no medical evidence to support that assertion is incorrect. Therefore, the case is remanded for further findings as to this matter. In addition, the VE should be asked a hypothetical question relating to the need to elevate one's feet.

The plaintiff also objects to the fact the ALJ did not address the claimant's need to use assistive devices, such as a cane. However, the ALJ did find that the testimony of the claimant, "particularly as it related to alleged physical limitations, was inconsistent with the weight of the medical evidence, was not wholly credible and therefore failed to support a finding of disability." (R., p. 19) Therefore, the ALJ did not err in failing to address the claimant's alleged use of assistive devices.

The plaintiff, finally, asserts that the ALJ did not include in her hypothetical question to the VE the inability to bend, lift, twist, turn, stoop, crawl and climb. "In order for a vocational expert's opinion to be relevant or helpful . . . it must be in response to proper hypothetical questions which fairly set out all of [a] claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989). "While questions posed to the vocational expert must fairly set out all of the claimant's impairments, the questions need only reflect those impairments supported by the record." See Russell v. Barnhart, 58 Fed. Appx. 25, 30 (4th Cir. 2003); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir.1987). To that end, the ALJ "has discretion in framing hypothetical questions as long as they are supported by substantial evidence in the record." Toney v. Shalala, 1994 WL 463427(4th Cir. Aug. 29, 1994); Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir.1986); Bradford v. Secretary of Dep't Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986); Dumas v. Schweiker, 712 F.2d 1545, 1553-54 (2d Cir.1983). Accordingly, the ALJ is not required to accept Plaintiff's subjective complaints and/or opinions as controlling. However, in the case at bar, the hypothetical questions concerning the inability to stoop and do other physical activities that were not asked relate to the opinion of Dr. Edwards, upon the ALJ primarily relied. Therefore, the hypothetical to the VE should have included the inability to stoop or do the other physical activities which Dr. Edwards found he was incapable of doing.

Under 42 U.S.C. §405(g), this Court may affirm, modify, or reverse the Commissioner with or without remanding the case for further proceedings. An award of benefits by the Court is only appropriate when "all factual issues have been resolved and the 'record can yield but one supportable conclusion." Bristoe v. Barnhart, 425 F.3d 345 (7th Cir. 2005). Accordingly, this Court remands the case to the ALJ for further proceedings consistent with this order.

11

**IT IS SO ORDERED**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 31, 2006
Florence, South Carolina